103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald HUDSON, Plaintiff-Appellant,
v.
NORTH CENTRAL TIRE COMPANY, Defendant-Appellee.
 No. 95-4155.
 United States Court of Appeals, Sixth Circuit.
 Dec. 04, 1996.
 
 Before: MARTIN, Chief Judge; ENGEL and COLE, Circuit Judges.
 
 ORDER
 
 1
 Donald Hudson appeals pro se from a district court judgment dismissing an action that he brought primarily under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a). His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hudson alleged: 1) that the defendant violated ERISA by terminating his employment to avoid paying medical benefits; 2) that the defendant violated the ADA by failing to make reasonable accommodations which would have allowed him to continue working; 3) that the defendant breached his employment contract; and 4) that the defendant's actions caused him severe emotional distress. The district court granted the defendant's motion for summary judgment on September 22, 1995. It found that Hudson had not shown that the defendant had the specific purpose of withholding his ERISA benefits and that Hudson could not perform his past work, even if a reasonable accommodation was made for his disability. The court also remanded Hudson's supplemental state law claims to the Ohio state courts.
 
 
 3
 The appellee now moves to strike Hudson's reply brief. However, there is no indication that Hudson filed his reply brief in bad faith, and most of the arguments therein pertain to the claims that are at issue here. Therefore, we will only grant the motion in part and strike any evidentiary material in the reply brief that was not presented to the district court prior to the entry of its judgment in this case. See Fed.R.App.P. 10.
 
 
 4
 We review an order granting summary judgment de novo. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 5
 Hudson alleged that the defendant violated ERISA by terminating his employment to avoid paying his medical benefits. See 29 U.S.C. § 1140. It is undisputed that Hudson began his employment on January 25, 1993, and that he left work due to illness on June 25, 1993. Hudson did not return to work, and the defendant terminated his employment on July 29, 1993. As there was no direct evidence of the defendant's motivation, the district court employed a burden-shifting analysis to determine whether ERISA had been violated. See Shahid v. Ford Motor Co., 76 F.3d 1404, 1410 (6th Cir.1996). Under this analysis, summary judgment must be affirmed if Hudson failed to prove a prima facie case or failed to rebut the defendant's legitimate nondiscriminatory reasons for terminating his employment. See id.
 
 
 6
 To state a prima facie case, Hudson must show that there was prohibited employer conduct that was taken for the purpose of interfering with the attainment of a right to which he may become entitled. See id. at 1411. The district court properly ruled that the mere proximity of Hudson's illness to his termination did not satisfy these requirements, as the defendant had not incurred additional benefit expenses because of his illness. See Rush v. United Technologies, Otis Elevator Div., 930 F.2d 453, 457 (6th Cir.1991) (per curiam). Hudson now argues that the subsequent refusal of the defendant's insurance carrier to cover his medical claims proves that he was terminated for the purpose of withholding benefits. However, this assertion is too attenuated to satisfy Hudson's prima facie burden.
 
 
 7
 Moreover, the defendant's evidence indicated that Hudson was terminated because of his extended absence from work, because he had problems with other employees, because he had improperly billed parts and services, and because complaints had been filed with the Better Business Bureau as a result of his actions. Summary judgment was also properly awarded to the defendant because Hudson did not submit sufficient evidence to show that all of the defendant's legitimate nondiscriminatory reasons for termination were pretextual. See Shahid, 76 F.3d at 1413-14; Humphreys v. Bellaire Corp., 966 F.2d 1037, 1044-45 (6th Cir.1992).
 
 
 8
 Hudson also alleged that the defendant violated the ADA by failing to make reasonable accommodations that would have allowed him to continue his employment. See 42 U.S.C. § 12112(a). To prevail on this claim, Hudson was required to show that he had a disability, that he was qualified for his job and that he was terminated solely because of discrimination arising from his disability. See Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1178 (6th Cir.1996). Such discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee," unless the employer can show that the accommodations would impose an undue hardship on the operation of its business. 42 U.S.C. § 12112(b)(5)(A).
 
 
 9
 The district court properly found that this claim was meritless because Hudson was completely disabled. Hudson's deposition testimony plainly indicates that his physicians had restricted him from performing the work that he had done for the defendant. Moreover, an administrative law judge determined that Hudson was entitled to receive disability benefits and that the period of disability commenced more than a month before he was terminated by the defendant. This determination includes a finding that Hudson could not perform his past work. See 20 C.F.R. § 404.1520. Hence, the district court properly awarded summary judgment to the defendant on Hudson's ADA claim. See Monette, 90 F.3d at 1187-88; White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir.1995).
 
 
 10
 Hudson's initial brief does not contain any argument regarding his supplemental state law claims. He has, therefore, abandoned these claims for purposes of appellate review. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 11
 Accordingly, the appellee's motion to strike is granted in part and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.